■ N.A. LAMBRECHT, Appellant, v BANK OF AMERICA CORPORATION, Respondent. [925 NYS2d 484]—

Appeal from order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 4, 2010, which denied plaintiff's motion for partial summary judgment and granted defendant's cross motion for summary judgment, deemed appeal from judgment, same court and Justice, entered February 7, 2011 (CPLR 5501 [c]), and, so considered, said judgment unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 5, 2010, which granted in part defendant's motion to dismiss, unanimously dismissed, without costs, as untimely.

A shareholder will not be granted the right to inspect corporate books and records under section 220 of the Delaware General Corporation Law unless she establishes a "proper purpose," that is, unless her primary purpose for seeking the relief is "reasonably related to [her] interest as a stockholder" (*see* 8 Del Code Ann § 220 [b], [d]; *Thomas & Betts Corp. v Leviton Mfg. Co., Inc.*, 681 A2d 1026, 1030 n 1 [Del 1996], quoting *BBC Acquisition Corp. v Durr-Fillauer Med., Inc.*, 623 A2d 85, 88 [Del Ch 1992]; *CM & M Group, Inc. v Carroll*, 453 A2d 788, 792 [Del 1982]). An asserted purpose of investigating in order to uncover possible misconduct is insufficient; the applicant "must present some credible basis from which the court can infer that waste or mismanagement may have occurred" (*Thomas & Betts Corp.*, 681 A2d at 1031; *Security First Corp. v U.S. Die Casting & Dev. Co.*, 687 A2d 563, 571 [Del 1997]). We reject

plaintiff's contention that the "credible basis" requirement applies only when the claimed purpose is to uncover corporate mismanagement, and that investigating the corporation's reasons for refusal of a litigation demand constitutes a proper purpose under section 220. A shareholder's disagreement with company management over matters of business judgment is insufficient to satisfy her burden on an application to inspect corporate books and records (*Seinfeld v Verizon Communications, Inc.*, 909 A2d 117, 120 [Del 2006]).

The motion court correctly found that plaintiff failed to demonstrate the necessary "credible basis" for her demand to inspect defendant's books and records under section 220, since she failed to submit evidence from which it could be inferred that defendant's board had acted wrongfully in refusing her demand to commence litigation (*see id.*).

The appeal from the January 5, 2010 order was untimely (*see* CPLR 5513 [a]; 5515 [1]), and that order was not brought up for review by the appeal from the judgment because it does not necessarily affect the final judgment (*see* CPLR 5501 [a] [1]; *see also Siegmund Strauss, Inc. v East 149th Realty Corp.*, 81 AD3d 260, 265-266 [2010]).

In view of the foregoing, we need not consider plaintiff's remaining contentions. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.